JOAN NORDSTROM, Plaintiff-Appellee, *v.* DONALD NORDSTROM, Defendant-Appellant.

First District (3rd Division) No. 61144

---

Opinion filed January 22, 1976.—Rehearing denied March 4, 1976.

Mitchell Edelson, Jr., of Chicago (Jack J. Leon, of counsel), for appellant.

Mullin & Devine, of Chicago (Mitchell J. Melamed, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Donald Nordstrom, appeals from an order of the circuit court of Cook County modifying the child support provisions of a divorce decree. The trial court also ordered defendant to pay $400 attorneys' fees on behalf of plaintiff.

Plaintiff, Joan Nordstrom, was granted a divorce from defendant in 1964. Custody of the couple's three minor children was awarded to plaintiff and defendant was ordered to pay $50 per week for child support. In 1969, pursuant to a petition filed by plaintiff, the court modified the child support provision of the decree and increased the weekly payments to $65. Thereafter, the oldest child became emancipated and, by agree-

ment of the parties, the child support award was reduced by one-third, to $186.77 per month.

On January 3, 1974, plaintiff filed the present petition, alleging that the circumstances of the parties had materially changed, and requesting that support payments for the two remaining children be increased. The petition recited that defendant had received several raises in salary and that his income had increased substantially since the date of the last modification in 1969. The petition further recited that the cost of maintaining the growing children had increased to $105 per week, and itemized a list of household expenses allocated to the children. Plaintiff requested that the child support be increased to $100 per week.

Defendant denied the pertinent allegations of the petition and, on May 2, 1974, filed a counterpetition to reduce child support. His petition recited that his monthly salary was $737.69; that at the time of the prior hearings in 1969 defendant owned real estate in Chicago which was rented and producing an annual income of $1300; that the property was now vacant and that his income had been reduced $150 per month by the mortgage on the rental property. Defendant prayed that child support be reduced to $140 per month plus the continued payment of hospitalization for the children.

At the hearing on the petitions, the parties were the sole witnesses. Plaintiff testified that the children were older and that their food, clothing and personal expenses were higher. She also stated that as a result of inflation the price of everything had gone up and she had to pay more for the children's food and clothing. She further testified that her work hours as a waitress had decreased, but conceded that a statement in her deposition indicated that her work hours were the same. Plaintiff introduced no evidence to support the itemized expenses set forth in her petition, and she was unable to state how much the cost of maintaining the children had increased. Despite defendant's requests, she had not supplied copies of her income tax returns for the years since the last child support modification. She did supply copies of her W-2 forms for the years in question. In her answers to interrogatories and in her testimony at the hearing, plaintiff stated that she did not know the amount of her income.

Defendant testified that at the time of the child support modification in 1969, his gross salary was $9,572 per year. He received additional income from dividends, interest, and rent. His 1969 tax return showed an adjusted gross income of $12,916.88. While defendant's salary had increased to $12,749.40 in 1973, his investment income was substantially reduced and his adjusted gross income for the year was only $500 over that in 1969.

Defendant owns a $31,000 home in Chicago with a $7,800 mortgage. He also owns a 17-foot boat. This property was owned by defendant and considered by the court at the time of the last modification. Since the previous modification, defendant has purchased a $38,000 home, paying $28,000 in cash. He also purchased a 1974 automobile. The down payment on the real estate, as well as the purchase price of the automobile, was derived from the sale of stocks and bonds which defendant owned, and of which the court was apprised, before the entry of the 1969 order. Defendant also supported the recital in his petition that the rental property was vacant.

Defendant was remarried, and has one child by his present wife. He testified, and plaintiff concedes, that during the two years prior to the hearing, the children were in his custody for a period of 17 weeks. Throughout that period defendant continued to pay plaintiff the full amount of child support.

Defendant's primary contention is that the trial court erred in awarding an increase in child support because plaintiff failed to prove that the children's needs and his own ability to pay have increased since the last modification. Defendant urges that the trial court's finding of changed circumstances is against the manifest weight of the evidence.

■■ The issue on a petition for modification of child support is whether there has been a material change in the circumstances of the parties since the previous order. (*Gaines v. Gaines* (1969), 106 Ill.App.2d 9, 245 N.E.2d 574; *Patterson v. Patterson* (1960), 28 Ill.App.2d 76, 170 N.E.2d 11.) An increase in support payments is warranted when the evidence establishes that the needs of the children have increased, and the means of the father have also increased so as to enable him to contribute additional sums to his children's support. (*Kelleher v. Kelleher* (1966), 67 Ill.App.2d 410, 214 N.E.2d 139.) The burden is on plaintiff to show that the circumstances of the parties have materially changed (*Gaines v. Gaines*), and where no evidence of a change in the financial condition of the parties is offered, the petition must be denied.

■■ Modification of a divorce decree rests in the sound discretion of the trial court, and courts of review will not disturb its findings unless the evidence clearly so requires. (*Edwards v. Edwards* (1970), 125 Ill. App.2d 91, 259 N.E.2d 820.) We have carefully reviewed the evidence in the present case, however, and are of the opinion that the evidence did not reveal a change of circumstances warranting an increase in child support.

■■■ Plaintiff failed to show that defendant's income had changed substantially since 1969. Defendant's uncontroverted testimony indicated that his income will decrease because his rental property was vacant and

no longer a source of income. Both parcels of real estate, the automobile, the boat, as well as certain securities, were owned by defendant at the time of the last modification or were purchased through the sale of assets that were owned by him at that time. Facts which existed at the time of the 1969 order are *res judicata* and do not constitute a change of circumstances as would justify an increase in the amount of child support. (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300; *Gaines v. Gaines.*) Conversion of assets from one form to another, absent evidence of gain or loss in the transaction, cannot be considered a change in financial condition. If the 1969 order of child support was inadequate and did not properly reflect defendant's finances, plaintiff was required to seek review at that time. She has failed to show that defendant's financial condition has changed substantially since the time of that court ordered modification.

■■ As to the children's increased needs, plaintiff's testimony consisted almost entirely of general statements and was often concerned with the rise in prices due to inflation. Increased expenditures due to inflation apply to defendant as well as to plaintiff. Consequently, this factor, in and of itself, is not sufficient to establish a material change in circumstances. (*Goldberg v. Goldberg* (1975), 30 Ill.App.3d 769, 332 N.E.2d 710; *Juen v. Juen* (1974), 24 Ill.App.3d 140, 320 N.E.2d 431.) We conclude that plaintiff failed to meet her burden of demonstrating a material change in circumstances, and that the findings of the trial court are against the manifest weight of the evidence.

■■ Defendant also contends that the trial court erred in ordering him to pay $400 in attorneys' fees on behalf of plaintiff. Attorneys' fees may be awarded in a post-decree proceeding to modify the terms of a divorce decree. (*Kuhns v. Kuhns* (1972), 7 Ill.App.3d 884, 288 N.E.2d 884.) To justify allowances of attorneys' fees, the party seeking this relief must show financial inability to pay and the ability of the other spouse to do so. While there was a sufficient showing of defendant's ability to pay fees, there was no testimony that plaintiff was financially unable to pay her own attorneys' fees. The only evidence offered was the statement of plaintiff's counsel regarding the services rendered and costs expended. This statement was made only a few days after plaintiff's answer to an interrogatory indicated that she did not know her income. The allowance of fees was incorrect.

The judgement of the circuit court of Cook County modifying the child support provisions of the divorce is reversed and remanded with instructions to restore the previous order, as modified by the agreement of the parties, for child support in the amount of $186.77 per month. That part of the judgment directing defendant to pay fees to plaintiff's

186

attorneys is reversed and is remanded with directions to hear evidence to determine whether fees are properly allowable against defendant.

Reversed and remanded.

MEJDA, P. J., and McGLOON, J., concur.