*In re* ESTATE OF HAROLD GRABOW, Deceased.—(FIRST NATIONAL BANK OF LOCKPORT, Ex'r of the Estate of Harold Grabow, Petitioner-Appellee, *v.* BETTY GALVIN *et al.*, Respondents-Appellants.)

Third District   No. 76-465

Opinion filed September 22, 1977.—Rehearing denied October 26, 1977.

Joel J. Sprayregen and Steven G. Storch, both of Aaron, Aaron, Schimberg & Hess, of Chicago, for appellants.

Richard T. Buck and Max E. Zollner, both of McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Petitioner, First National Bank of Lockport as executor of the estate of Harold Grabow, brought an action in the circuit court of Will County seeking leave to sell real estate of the estate. Appellant, Betty Galvin, and the Bible Baptist Church, beneficiaries under the will, opposed the petition. A hearing was held and concluded on May 11, 1976, but the decision was taken under advisement by the trial court. The parties were

told that they would be advised of the judge's decision. The court reached its decision on June 16, 1976, at which time the order was filed, but dated May 11, 1976. The order approved the sale of the real estate. No copy of the order was sent to the parties and the appellant, Betty Galvin, did not learn of the entry of the order until July 25, 1976.

On August 10, 1976, Galvin presented a petition to vacate or correct the order dated May 11, 1976, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The petition alleged the aforementioned facts concerning both the backdating of the order and the failure of the court to advise her of the entry of the order. Hearing was held on this petition on September 10, 1976, and denied. The appellant filed her notice of appeal from this order.

On September 24, 1976, the appellee presented a petition seeking to withdraw its prior petition requesting leave to sell the real estate. Over the objections of the appellant the appellee was permitted to withdraw its petition. Appellant has also appealed from this order and the cases were consolidated in this court.

The will appointing the bank executor gave the executor power to sell the real estate without court approval. However, the proposed purchaser of the property included in his original sales contract a provision that the sale be approved by the court. After the section 72 petition had been filed and denied, but an appeal taken therefrom, a sale was proposed to the same buyer under the power of sale conferred in the will without any requirement by the buyer that the sale be approved by the court. Hence, the executor undertook a course of action to carry out the new arrangements for sale.

On this appeal the appellant argues the court erred in denying her the relief requested in her section 72 petition because it is undisputed both that the order approving the sale was backdated and that she was not notified of the entry of the order within a period of time which would have permitted her to appeal from the order. She also argues the court had no jurisdiction to permit the executor to withdraw its initial petition since once notice of appeal was filed the court no longer has jurisdiction to grant such relief.

Because the proposed sale has been accomplished pursuant to a power in the will and without the necessity of court approval, the appellee argues the issues presented on this appeal are moot. We agree.

■■■ Relying on *City of Chicago v. Myers*, 37 Ill. 2d 470, 227 N.E.2d 760, appellant argues that the court was without jurisdiction to permit withdrawal of the petition. In *Myers* the court did hold that the trial court had no authority to dismiss the plaintiff's complaint on his motion after the defendant had filed his notice of appeal from a judgment against him. Superficially the facts in the instant case appear to be analogous to those

in the *Myers* case. However, there is one significant and substantial difference. There has been no notice of appeal filed from the order of the trial court approving the sale. On the contrary, the notice of appeal is from an order entered on a section 72 petition. A proceeding under section 72 of the Civil Practice Act is the commencement of a new action although filed in the same proceeding and is subject to the same rules of pleading as any other action. (*Mutual Nat. Bank of Chicago v. Kedzierski*, 92 Ill. App. 2d 456, 236 N.E.2d 336.) In our opinion the appeal from such an order is not an appeal from the original judgment and does not have the effect suggested by appellant.

■■ However, whether withdrawal of the petition was proper or whether the court erred in denying the appellant's section 72 petition are, we believe, abstract questions of law under the circumstances. Neither a reversal nor a reversal and remandment could be of any benefit to the parties since the executor has sold the property under the authority in the will which is independent and unrelated to the trial court proceeding. If there is any cause of action regarding the conduct of the executor it depends on issues outside the scope of the proceeding originally initiated.

For the foregoing reasons this appeal is dismissed.

Appeal dismissed.

ALLOY, P. J. and SCOTT, J., concur.