CHRISTOPHER G. MITCHELL, Plaintiff-Appellant, *v.* NANCY L. MITCHELL, Defendant-Appellee.

First District (1st Division)   Nos. 76-1126, 77-334 cons.

Opinion filed October 24, 1977.

Moltz & Wexler, of Chicago (Leon C. Wexler, of counsel), for appellant.

. Gomberg and Schaps, of Chicago (Nathan M. Gomberg and Steven P. Gomberg, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Christopher G. Mitchell, filed suit for divorce against defendant, Nancy L. Mitchell. A judgment for divorce was granted on August 6, 1974. Plaintiff received custody of their minor daughter. On .

December 15, 1975, defendant filed a petition for custody and support of the child. In relevant part, plaintiff's response prayed for attorney's fees for the defense of the custody action and for support payments from defendant. By agreement, defendant withdrew her petition for custody and the trial court denied plaintiff's request for support and attorney's fees.

In case 76-1126 plaintiff appeals from the trial court's order denying him an allowance of attorney's fees and support payments. In case 77-334 defendant appeals from the trial court's order denying her an allowance of attorney's fees to defend plaintiff's appeal in case 76-1126. By order of this court, the two cases were consolidated for argument and decision.

The parties stipulated that for 1975 plaintiff's gross income was $14,891 and defendant's was $7,835. On direct examination, plaintiff testified that he spent $400 per month for the support of his daughter. Included in that amount were approximately $100 for food, $20 for clothing, $130 for day care and $110 for her share of the rent. He also stated that he owed his attorney about $400 for services rendered.

Defendant was called as an adverse witness. She stated that her current husband pays for their food, housing and utilities. She pays for her own automobile and clothes. Her savings total about $600 in two savings accounts. She further testified that she has the child on the weekends and pays all of the child's expenses while her daughter is with her.

■■■ Plaintiff argues that defendant should make some contribution to the support of the child. He contends that society recognizes the equality of men and women and consequently defendant should help support the child. The support of a child is a joint and several obligation of both husband and wife. (*Plant v. Plant* (1974), 20 Ill. App. 3d 5, 312 N.E.2d 847.) However, it does not necessarily follow that the non-custodial parent must make support payments to the custodial parent for a child's support in addition to the amounts which the non-custodial parent expends for a child's support while the child is being cared for by the noncustodial parent. The amount of child support should be determined "by accommodating insofar as possible the needs of the parties and children with the available means of the parties, due regard being given to their stations in life." (*Everett v. Everett* (1962), 25 Ill. 2d 342, 344, 185 N.E.2d 201.) The record indicates that the trial court heard evidence on the needs of the child and of the parties and on the parties' means and concluded that the defendant should not make an added contribution to the support of their daughter. Our review of the record indicates that the trial court's order was not an abuse of its discretion and should not be reversed. *Nordstrom v. Nordstrom* (1976), 36 Ill. App. 3d 181, 343 N.E.2d 640; *Crawley v. Bauchens* (1973), 13 Ill. App. 3d 791, 300 N.E.2d 603, *aff'd* (1974), 57 Ill. 2d 360, 312 N.E.2d 236.

■■ Plaintiff contends that the trial court erred in denying his request

for attorney's fees for his defense of defendant's custody petition. To justify the allowance of attorney's fees in matrimonial cases, the party seeking this relief must show financial inability to pay and the ability of the other spouse to do so. (*Nordstrom v. Nordstrom* (1976), 36 Ill. App. 3d 181, 343 N.E.2d 640.) The only evidence presented by plaintiff concerning attorney's fees was that he owed his counsel about $400. There was no evidence that he was unable to pay the fees. The allowance of attorney's fees is within the discretion of the trial court and its ruling will not be disturbed on appeal absent a clear showing of an abuse of its discretion. (*Booth v. Booth* (1972), 6 Ill. App. 3d 62, 284 N.E.2d 506.) The record does not reflect such a showing. The trial court's order denying plaintiff's request for attorney's fees will not be disturbed.

Although the parties have argued the merits of defendant's appeal from the trial court's order denying her an allowance of attorney's fees to defend against plaintiff's appeal, we have chosen to exercise our authority to decide defendant's appeal on grounds other than those presented by the parties. *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831; *In re Application of County Treasurer* (1975), 25 Ill. App. 3d 717, 323 N.E.2d 803.

■■ Plaintiff's notice of appeal was filed on July 6, 1976. Defendant's petition for attorney's fees was filed on November 12, 1976, and denied on November 23, 1976. The filing of a notice of appeal vests the appellate court with jurisdiction. (Ill. Rev. Stat. 1975, ch. 110A, par. 301; *City of Chicago v. Myers* (1967), 37 Ill. 2d 470, 227 N.E.2d 760.) The reviewing court does not have jurisdiction to review trial court proceedings after a notice of appeal is filed. (*Myers*; *Brehm v. Piotrowski* (1951), 409 Ill. 87, 98 N.E.2d 725.) In this case, because defendant's petition for attorney's fees with reference to plaintiff's appeal was filed and denied after the filing of plaintiff's notice of appeal, her appeal must be dismissed. See *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873.

The order in case 76-1126 is affirmed. The appeal in case 77-334 is dismissed.

No. 76-1126 affirmed.

No. 77-334 dismissed.

. GOLDBERG, P. J., and McGLOON, J., concur.