U-HAUL CO. OF CHICAGO METROPLEX, Plaintiff-Appellant, *v.* THE TOWN OF CICERO, Defendants-Appellees.

First District (1st Division)   No. 79-1276

Opinion filed August 25, 1980.

Robert A. Sherwin, of Sherwin & Sherwin, of Chicago (Theodore R. Sherwin, of counsel), for appellant.

Bilandic, Neistein, Richman, Hauslinger & Young, Ltd., of Chicago (Harry A. Young, Jr., of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, U-Haul Co. of Chicago Metroplex (U-Haul), sought a special use permit from defendant, town of Cicero, to allow the development of a U-Haul rental business on premises it had acquired in Cicero. Following a hearing, the board of trustees of Cicero denied U-Haul's permit application. U-Haul then filed a three-count complaint for declaratory judgment, *mandamus* and other relief in the circuit court of Cook County against Cicero, the zoning board of appeals and the building commissioner. The complaint sought reversal of Cicero's determination, approval of the special use and money damages. On May 3, 1979, on motion of defendants, the court dismissed U-Haul's complaint. U-Haul appeals.

The pertinent facts, as alleged in U-Haul's complaint follow: U-Haul's business is retail renting and leasing of utility trucks and trailers for moving household furniture and other belongings. U-Haul owned property located at 5027 West Cermak Road, Cicero, Illinois, which was zoned R-4 (an apartment-commercial district). This designation provides as special uses any permitted or special use in C-1 and C-2 commercial districts. The premises had been previously operated as a Jewel Food Store, and had been improved with a building and parking lot.

U-Haul filed its application for a special use and attended a public hearing before the zoning board of appeals of the town of Cicero (Board). The Board received evidence and recommended the approval of the special use to the Cicero board of trustees.

On September 26, 1978, the board of trustees held a hearing to consider passing an ordinance authorizing the special use requested by U-Haul. The ordinance failed to pass by a vote of three to two, one member abstaining.

U-Haul then filed its three-count complaint in the circuit court of Cook County for declaratory judgment, mandamus and other relief. Count I alleged that no special use was required for its business. Alternatively, it alleged that if a special use was required the board of trustee's decision was arbitrary, capricious and unreasonable, and confiscated its property without due process of law. U-Haul prayed (1) for a judgment declaring that the Cicero Zoning Ordinance did not prohibit its proposed use; (2) alternatively, that Cicero be permanently enjoined from enforcing the zoning ordinance so as to interfere with

U-Haul's intended use of the premises; (3) that a writ of *mandamus* be issued compelling the building commissioner to issue all necessary business licenses; and (4) that the Cicero Zoning Ordinances be declared void as applied to U-Haul's property.

Count II sought administrative review of Cicero's determination. It alleged that the trustees acted as a quasi-judicial body and that their decision was subject to the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). U-Haul alleged Cicero's determination was against the manifest weight of the evidence, contrary to law, arbitrary, capricious and unreasonable.

Count III realleged that U-Haul had an absolute right to have a license issued without a special use application. It was further alleged that the operation of its business had been delayed by Cicero's error, causing substantial money damages.

On Cicero's motion, the trial court dismissed U-Haul's petition, finding that:

(1) as to count I, U-Haul had failed to exhaust its administrative remedies and could have applied for a zoning map amendment;

(2) as to count II, U-Haul failed to comply with the zoning ordinance standards and Cicero's decision was not contrary to the manifest weight of the evidence; and

(3) Count III did not state a cause of action.

U-Haul raises three contentions upon review: (1) that its petition stated a cause of action on each count; (2) that it exhausted its administrative remedies and any additional administrative actions would be futile; and (3) that Cicero's denial of the special use may be reviewed by declaratory judgment and that a trial *de novo* is required.

Defendants have filed a motion to dismiss this appeal as moot which was taken with the case. The motion is supported by affidavits and states that U-Haul recently leased the subject property to Jewel Food Stores. Jewel has a seven-year lease and two five-year options to renew. Jewel will again use the property for a grocery store. Defendants maintain that since U-Haul's complaint only sought to have a "U-Haul moving center" declared a proper use, this appeal is moot.

U-Haul filed objections and argued that: (1) the lease with Jewel is not yet in effect because it is subject to Jewel acquiring necessary operating permits; and (2) assuming *arguendo* that the lease is in effect, U-Haul, as owner of the property, is entitled to a declaration of the validity of the ordinance as applied to its property and as to whether the proposed use is proper. U-Haul asserts an actual controversy exists because when Jewel's lease expires U-Haul has the right to use the property for its business. It further contends that count III seeking money damages for defendants' past wrongful acts is not moot.

Defendants have filed supplemental affidavits indicating that Jewel has received all necessary business permits and its grocery store is now operational. Accordingly, U-Haul's first objection is without merit.

■■ It is well settled that the existence of an actual controversy is an essential requisite to appellate jurisdiction. (*Spencer v. Community Hospital* (1975), 30 Ill. App. 3d 285, 332 N.E.2d 525.) Where the issues involved in the trial court no longer exist, a reviewing court will not decide a case merely to answer moot or abstract questions (*In re Mullins* (1975), 35 Ill. App. 3d 47, 341 N.E.2d 140), establish a precedent, or render a judgment to guide potential future litigation. *Thurman v. Department of Public Aid* (1974), 25 Ill. App. 3d 367, 323 N.E.2d 502.

If only moot or abstract questions are presented, the reviewing court may dismiss the appeal. (*In re Estate of Grabow* (1977), 52 Ill. App. 3d 722, 367 N.E.2d 1345.) Moreover, where facts indicating mootness are disclosed by affidavits in support of a motion to dismiss, although such facts do not appear of record, the court may dismiss the appeal. *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486; *Buckingham Corp. v. Vesolowski* (1974), 17 Ill. App. 3d 58, 307 N.E.2d 703.

Count III, seeking money damages for U-Haul's business losses, stems from an alleged past wrong committed by defendants. If U-Haul's allegations established a cause of action, the Jewel lease would neither erase the damage nor moot the issue.

■■ ■ Nonetheless, the Local Governmental and Governmental Employees Tort Immunity Act (Immunity Act) (Ill. Rev. Stat. 1977, ch. 85, par. 1—101 *et seq.*) precludes U-Haul's recovery of damages. Defendants are either "local public entities" or "public employees" as defined in the Immunity Act. (Ill. Rev. Stat. 1977, ch. 85, pars. 1—206, 1—207.) Both local public entities and public employees are immune from suit regarding the issuance, denial, suspension or revocation of permits, licenses, etc. The appropriate provisions state:

> "§2—104. A local public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization where the entity or its employee is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

> "§2—206. A public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization where he is

authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

Accordingly, although not moot, the trial court properly dismissed count III. (See *Melbourne Corp. v. City of Chicago* (1979), 76 Ill. App. 3d 595, 394 N.E.2d 1291.) Although the trial court did not rely on the Immunity Act, its order may be sustained for reasons other than those relied upon by it and the judgment of the trial court will be sustained if it is correct, irrespective of the court's reasoning. (*Hintz v. Lazarus* (1978), 58 Ill. App. 3d 64, 373 N.E.2d 1018.) We have chosen to exercise our authority to decide this portion of the appeal on grounds other than those presented by the parties. *Mitchell v. Mitchell* (1977), 54 Ill. App. 3d 18, 369 N.E.2d 276, and cases therein cited.

■ We hold that as to counts I and II, however, this cause has become moot. The controversy surrounding U-Haul's proposed use of its premises ceased to exist when Jewel's lease became effective. We do not believe it is appropriate to make a declaration of legal rights that might be implemented 7, 12 or 17 years from now at the end of Jewel's lease. U-Haul's status as owner of the premises does not entitle it to an advisory opinion regarding what might be proper future use of the land based upon the current Cicero zoning ordinances. We choose not to engage in such premature speculation.

In this instance the question of mootness blends into the issue of ripeness of a future controversy. (Compare *Golden v. Zwickler* (1969), 394 U.S. 103, 22 L. Ed. 2d 113, 89 S. Ct. 956.) The relationship between U-Haul and defendants is in flux, and contingencies may affect both sides of the litigation. For instance, the composition of the board of trustees may change, U-Haul may decided on an alternate or more profitable use of the land, or the area may be rezoned. U-Haul demands a declaration of its future rights based on a record consisting of predictions about its probable future conduct. Effectual relief cannot hinge upon guesses about the future. Accordingly, that portion of the cause concerning counts I and II is moot.

■ Notwithstanding the aforesaid, we will not grant defendants' motion to dismiss the appeal. Dismissal of a moot appeal is not always the appropriate remedy. Dismissal of the appeal leaves the judgment of the trial court in effect and may have an adverse *res judicata* effect on the losing party. (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 343 N.E.2d 479.) To allow the trial court's dismissal of U-Haul's complaint on the merits to stand may effect a *res judicata* bar upon subsequent actions by U-Haul. For reasons noted above, it is vital that U-Haul be allowed to test the validity of its proposed use if and when that issue again becomes timely. Rather, the appropriate remedy is to reverse or vacate the order of the

trial court and remand the cause with directions to dismiss the complaint because of mootness. See *Meyer v. Marshall; La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486.

Accordingly, the order of the circuit court of Cook County is affirmed with respect to count III; as to counts I and II the order is vacated and the cause remanded for further proceedings consistent with the views expressed herein.

Affirmed in part; vacated in part; and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.