EDDIE WAYNE TRUSLER *et al.*, Plaintiffs-Appellees, *v.* SEARS, ROEBUCK & COMPANY, Defendant-Appellant.

Fourth District   No. 4—83—0850

Opinion filed June 29, 1984.

Phebus, Tummelson, Bryan & Knox, of Urbana (Hurshal C. Tummelson and John F. Bramfeld, of counsel), for appellant.

Clapper & Clapper, P.C., of Danville (Kerry R. Clapper and Kenneth H. Clapper, of counsel), for appellees.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs Eddie Wayne and Virginia Trusler filed suit against Sears, Roebuck & Company for personal injuries and loss of consortium allegedly resulting from a fall suffered by Mr. Trusler in the defendant's Danville store. On July 13, 1982, the circuit court of Vermilion County entered summary judgment for the defendant. Subsequently, the plaintiffs filed a petition to vacate the judgment on grounds of newly discovered evidence. On December 2, 1983, the trial court entered judgment in favor of the plaintiffs on their section 2—1401 petition (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), and vacated the summary judgment formerly entered for the defendant. Defendant appeals.

In challenge to the judgment entered upon the section 2—1401 petition, defendant raises two issues on appeal: (1) that the plaintiffs' section 2—1401 petition failed to state a cause of action, and (2) that

the trial judge erred in entering judgment on the section 2—1401 petition prior to allowing the defendant an opportunity to file an answer to the petition.

An understanding of the procedural history of the case is crucial to the disposition of this appeal. The complaint alleged that the defendant had negligently caused Mr. Trusler's fall by permitting the stairs in the store to become slippery or otherwise hazardous by accumulation of foreign objects. The depositions revealed the plaintiffs' theory was that Mr. Trusler had slipped on an ink pen which was found on the stairs after the incident. Defendant filed a motion for summary judgment, alleging that no issue of material fact existed and that no evidence existed to suggest that defendant knew or should have known of the existence of the pen. The trial court agreed and entered summary judgment for the defendant on July 13, 1982.

On October 19, 1983, 15 months after the original entry of judgment, the plaintiffs filed their section 2—1401 petition. The petition alleged that certain newly discovered evidence would show that the defendant either knew, or must be held to have known, that the pen was on the stairway. Two affidavits were attached in support. An affidavit jointly executed by the plaintiffs indicated that the Truslers had first met a woman named Phyllis Ann McQueen on June 1, 1983, at a social gathering. The second affidavit was executed by Ms. McQueen. In this affidavit, Ms. McQueen indicated that on December 31, 1979, she saw a man wearing a shirt with a Sears insignia drop a pen on the stairs shortly before the time of Mr. Trusler's fall. She reportedly advised the man that he had dropped the pen, and the man thanked her, but she did not see him pick the pen up.

In response to the section 2—1401 petition, defendant filed a motion to dismiss, alleging that the petition failed to state a cause of action. Specifically, the motion attacked the sufficiency of the plaintiffs' petition on grounds that it failed to adequately state facts to establish the materiality of the newly discovered evidence or the plaintiffs' diligence in discovery and reporting of the evidence. In a hearing held on November 30, 1983, the trial court considered the plaintiffs' section 2—1401 petition and what it characterized as defendant's "objection" thereto. All matters were taken under advisement. On December 2, the trial judge allowed the plaintiffs' section 2—1401 petition and vacated the judgment formerly imposed. We treat the trial court's ruling as an implicit denial of defendant's motion to dismiss.

Defendant's first issue on appeal, which questions the sufficiency of the section 2—1401 petition, essentially repeats the contentions set

forth in its motion to dismiss filed in the trial court. For purposes of this appeal, only defendant's second argument need be examined in detail. Defendant argues that it was error for the trial judge to enter judgment on the section 2—1401 petition without permitting the defendant to file an answer to the petition. The plaintiffs respond that defendant waived this right, because it did not request leave to file an answer, it did not object to the entry of judgment on the section 2—1401 petition, and it did not file a motion for reconsideration of the judgment.

It is well established that a section 2—1401 petition begins a new civil action, which is subject to the same rules of pleading which govern all other civil actions. (*People v. Jennings* (1971), 48 Ill. 2d 295, 269 N.E.2d 474; *In re Estate of Grabow* (1977), 52 Ill. App. 3d 722, 367 N.E.2d 1345.) The option of filing an answer in a civil cause is a matter of right and does not depend upon the prior direction or consent of the trial court. (*Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 369 N.E.2d 1313; see 87 Ill. 2d R. 181.) A motion to dismiss is not the equivalent of an answer. Although a motion to dismiss admits all facts well pleaded, it does so only for the limited purpose of determining whether those facts state a claim upon which relief may be granted. Unless the defendant elects to stand on its motion to dismiss, it retains the right to file an answer. *O'Fallon Development Co. v. Ring* (1967), 37 Ill. 2d 84, 224 N.E.2d 782; *Gorin v. McFarland* (1967), 80 Ill. App. 2d 398, 224 N.E.2d 615.

In the present case, the record demonstrates that defendant was denied its right to file an answer. The circumstances further establish that defendant did nothing to waive the right. At the hearing which preceded the judgment under scrutiny, the court had before it two pleadings: The plaintiffs' section 2—1401 petition, and a document which the trial judge characterized as defendant's "objection." At the time of this hearing, however, defendant had not filed an "objection," nor an answer, but only a motion to dismiss the petition. The trial court evidently misconstrued the motion to dismiss as some form of answer, for there was no express ruling on the motion to dismiss, and judgment was entered on the section 2—1401 petition prior to allowing defendant an opportunity to file an answer.

As for the plaintiffs' contention of waiver, we find that the record rebuts such a theory. Following the hearing, the trial court took all matters under advisement. The "objection" and the section 2—1401 petition were later disposed of in the same written order. Defendant obviously had no opportunity to seek leave to file an answer, for it had no notice of the denial of the motion to dismiss before

the entry of final judgment. Moreover, although defendant did not specifically object to the entry of judgment nor file a motion for reconsideration, we know of no such requirement in a nonjury case. The plaintiffs cite no authority to support their assertion of waiver in these circumstances.

■ We hold that the trial court erred in entering judgment on the section 2—1401 petition prior to allowing defendant an opportunity to file an answer. Accordingly, we reverse and remand. We direct the trial court to grant defendant leave to file an answer to the section 2—1401 petition, and to proceed to consider the petition and answer on file.

Reversed and remanded with directions.

GREEN and WEBBER, JJ., concur.