*In re* MARRIAGE OF DAVID L. ARMSTRONG, Petitioner-Appellant, and NANCY J. ARMSTRONG, Respondent-Appellee.

Fourth District    No. 4—03—0510

Argued January 27, 2004.—Opinion filed March 4, 2004.

Arthur M. Lerner (argued), of Lerner & Kirchner, of Champaign, for appellant.

Craig R. Hunt (argued), of Allen & Korkowski & Associates, of Rantoul, for appellee.

JUSTICE APPLETON delivered the opinion of the court:

In September 2002, petitioner, David L. Armstrong, filed a petition to modify his child support payments to his former wife, respondent Nancy J. Armstrong. In April 2003, the trial court heard arguments on David's petition. After taking the matter under advisement, the court denied his petition, ruling "no substantial change in circumstances [had been demonstrated] justifying a modification of [p]etitioner's child support from May of 2000 to [May 2003]."

David appeals the trial court's decision, arguing the court erred in not finding a substantial change in circumstances and in not modifying his child support payments. For the reasons that follow, we affirm.

## I. BACKGROUND

The marriage of David and Nancy Armstrong was dissolved in July 1997. The trial court awarded David and Nancy joint custody of their three children. Nancy received residential custody, and David received reasonable visitation rights. The court ordered David to pay $1,250 per month in child support based on a marital settlement agreement. The record fails to provide information on the parties' respec-

tive incomes at that time but through admission in David's brief, we know his gross income at that time was over $90,000 per year.

In February 1999, Nancy filed a petition to modify the judgment. She asked the trial court to increase the amount of child support David then paid. Nancy filed a financial affidavit in March 1999 stating that her net monthly income, including the $1,250 per month in child support she received from David, was $2,445. David filed a financial affidavit in July 1999 stating that his net monthly income was $5,208. The parties stipulated that David's child support payments should be increased to $1,603 per month. In July 1999, the court entered an order increasing support to $1,603 per month based on the parties' agreement.

In April 2000, David filed his own petition to modify the judgment, which was heard in May 2000. A May 2000 docket entry shows the trial court denied the petition. In June 2000, the parties agreed to modify paragraph 7 of the dissolution judgment (child support) for 1999 only.

According to the court's May 2003 memorandum opinion and order, David testified that he voluntarily left his job with Papa John's Pizza in March 2000 to invest in and work for a company called Pizza Magia. His $25,000 investment in that business came from his parents. He had worked for Papa John's Pizza for eight years and was the vice president of operations. His gross income from that employment was approximately $90,000 per year. At Pizza Magia, his annual gross income would have been only $60,000, but David testified to expecting opportunities for greater growth and increased income. After hearing the evidence presented, the court denied David's petition, finding that he had not changed jobs in good faith. David did not appeal the court's May 2000 order denying the modification.

In September 2002, David filed another petition to modify the judgment, which was heard in April 2003. David testified that he was involuntarily terminated from Pizza Magia in September 2002 because the other investors made a $50,000 capital demand that he could not meet. In December 2002, he began working for Quality Dining, Inc., as a district manager. He testified that his salary at Quality Dining, Inc., was a "little bit higher" than it had been at Pizza Magia. According to an earnings statement introduced as an exhibit by David, he grossed $16,665.39 in the first three months of 2003 working for Quality Dining, Inc. This figure included an automobile allowance of $150, which he received biweekly. At that rate, his gross salary would total $66,661.56 per year.

At the same hearing, Nancy testified that she grossed $13,000 per year working for Mahomet High School. This was an increase from

her income of $3,400 per year in 2000. (The record is not clear if $3,400 was Nancy's gross or net income in 2000.) However, Nancy testified that the children's expenses were greater than they had been three years earlier.

After taking the matter under advisement, the trial court denied David's petition in May 2003. In its memorandum opinion and order, the court explained its decision as follows:

"The [c]ourt finds that there has been no substantial change in circumstances justifying a modification of [p]etitioner's child support from May of 2000 to date. In May of 2000[,] [p]etitioner was making $60,000.00 per year as part owner of Pizza Magia with no expectation of any bonuses. No evidence was presented of any other employment benefits at that time. At the present time[,] the [p]etitioner is employed as a district manager for Quality Dining, Inc. He makes $66,661.56 per year plus a bi[ ]weekly car allowance of $150.00. Respondent was making $3,400.00 per year in May of 2000 and now makes $13,000.00 per year. The increased income of the [p]etitioner substantially offsets the increased income of the [r]espondent, particularly when combined with the greater expenses presently for the three minor children. The [c]ourt further finds that both current spouses have the ability to earn substantial income. Accordingly, the motion to modify filed by the [p]etitioner should be denied."

This appeal followed.

## II. ANALYSIS

On appeal, David argues that the trial court erred (1) by not finding a substantial change in circumstances and (2) by determining whether a substantial change in circumstances occurred before deciding if David's change of employment was made in good faith. Nancy responds that the court did not abuse its discretion in finding that David failed to prove a substantial change in circumstances between May 2000 and May 2003.

■ The trial court found David failed to show that a substantial change in circumstances occurred between May 2000 and May 2003. The trial court's determination whether a substantial change in circumstances occurred is one of fact and will not be disturbed unless it is found to be against the manifest weight of the evidence. *In re Marriage of Barnard*, 283 Ill. App. 3d 366, 370, 669 N.E.2d 726, 729 (1996).

■ It is difficult to determine if David's argument is that the court erred (1) in not finding a substantial change in circumstances between the circumstances present at the time of the original judgment, July 1997, and those in May 2003 or (2) in not finding a substantial change

in circumstances between the circumstances between May 2000 and May 2003. To the extent David argues the former, he is wrong. "The issue on a petition for modification of child support is whether there has been a material[,*i.e.*, substantial,] change in the circumstances of the parties since the previous order." *Nordstrom v. Nordstrom*, 36 Ill. App. 3d 181, 184, 343 N.E.2d 640, 642 (1976).

■ In many cases, the previous order will be the original judgment. However, that is not true here. David seeks to have this court test whether there has been a substantial change in his income using as a beginning point the July 1999 order, when he was earning an annual gross income of $90,000. That order, which denied him relief based on the court's finding that his change in employment was in bad faith, cannot be the benchmark for determining the existence of changed circumstances.

The order finding that David was not entitled to a reduction because of his bad faith, which order was not appealed, is *res judicata*. As such, his reduction in income from $90,000 per annum to $60,000 is of no effect. That David subsequently lost his employment at Pizza Magia does not absolve him of the bad faith previously found. Had the bad-faith, voluntary termination of his position at Papa Johns not occurred, we must assume he would still be earning the larger salary.

In this determination, we are mindful of our recent decision in *In re Marriage of Spent*, 342 Ill. App. 3d 643, 796 N.E.2d 191 (2003), where we found that the denial of a petition to terminate joint custody was not a custodial judgment that would begin anew the two-year period before which custody could not be modified absent compliance with section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610(a) (West 2000)). Likewise, David's unsuccessful attempt to show changed circumstances as to his income from the time he left the employ of Papa John's cannot be used to establish a benchmark against which his income should now be compared. While future adjustments of support are not precluded under these circumstances, they cannot automatically be based on a reduction from David's Papa John's Pizza salary.

Because the trial court compared the correct two periods in time, we next consider whether the court's finding that David failed to show a substantial change in circumstances between May 2000 and May 2003 was against the manifest weight of the evidence. After examining the trial court's memorandum opinion and order and David's earnings statement that he introduced as petitioner's exhibit No. 1, we conclude that the court did not err in finding David made $66,661.56 per year at his new employment. While an increase from $60,000 to $66,661.56 is a change in circumstances, as was the increased income of Nancy,

we cannot find that the court's determination that a substantial change in circumstances had not occurred was against the manifest weight of the evidence.

■ Likewise, the trial court committed no error by determining whether a substantial change in circumstances occurred before deciding whether his latest change in employment was made in good faith. Only after determining the threshold issue of whether a substantial change in circumstances has occurred can a court consider modifying a child support order. *Fedun v. Kuczek*, 155 Ill. App. 3d 798, 801-02, 508 N.E.2d 531, 534 (1987).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's determination.

Affirmed.

McCULLOUGH and MYERSCOUGH, JJ., concur.