FLORENCE L. TRAPP, Plaintiff-Appellant, *v.* JAMES ORR, Adm'r to Collect for the Estate of Helen T. Jones, Deceased, *et al.*, Defendants-Appellees.

Fourth District   No. 13120

Opinion filed November 24, 1976.

Elmo E. Koos, of Peoria, for appellant.

Ben K. Miller and Gillespie, Burke & Gillespie, P. C., both of Springfield, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff, Florence L. Trapp, filed an action against the defendants for personal injuries suffered in an automobile accident. James Orr, administrator to collect for the estate of Helen T. Jones, deceased, was dismissed from the action by the trial court and plaintiff does not contend on appeal that this was error. The trial court directed a verdict for the remaining defendants. Plaintiff appeals. The major issues raised on appeal are (1) whether the court erred in granting a motion in limine, pursuant to section 2 of the Evidence Act (Ill. Rev. Stat. 1973, ch. 51, par. 2), which prevented plaintiff from testifying about the circumstances of the accident and (2) whether direction of a verdict for defendants was error.

The accident occurred in 1969. On August 16, 1973, defendants Ackerman filed a motion for substitution of W. K. Ackerman, as conservator of the estate of Kenneth W. Ackerman, as a party defendant in place of Kenneth W. Ackerman (hereinafter Kenneth). Although this record does not show any ruling by the trial court on the motion, all parties and the trial court treated the matter as though a formal order allowing the substitution had been entered. Plaintiff does not argue that the substitution was improper and we will therefore treat the matter as the parties have done. *Sarelas v. McCue & Co.* (1937), 291 Ill. App. 540, 10 N.E.2d 700.

On September 25, 1973, W. K. Ackerman, as conservator, filed a motion in limine, asserting that defendant Kenneth had been declared incompetent and he had been appointed conservator and requesting that, pursuant to section 2 of the Evidence Act, plaintiff not be permitted to testify to the circumstances of the accident.

The motion was heard in chambers and apparently allowed. No transcript was made of the hearing but the record reflects that the trial court admonished plaintiff's attorney to refrain from asking any questions regarding the occurrence. Because the motion was allowed, the only testimony about the accident came from a police officer who arrived at the scene after the occurrence.

On appeal plaintiff asserts that it was improper to grant the motion in limine. She argues that, since the conditions appropriate for appointing a conservator under the Probate Act (Ill. Rev. Stat. 1973, ch. 3, pars. 112,

113) are more numerous than the conditions which prevent an adverse party from testifying under the Evidence Act, mere appointment of a conservator was not sufficient to invoke section 2 of the Evidence Act.

Section 2 states, in part:

> "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any habitual drunkard, or person who is mentally ill or mentally deficient." Ill. Rev. Stat. 1971, ch. 51, par. 2.

Under the Probate Act a conservator may be appointed for the above reasons but also because of old age, physical incapacity and other reasons. Ill. Rev. Stat. 1971, ch. 3, pars. 112, 113.

■■ Pursuant to order of this court, a supplement to the record was filed, which contained the findings of the trial court as to whether the grounds for appointment of the conservator was one of the grounds listed in section 2 of the Evidence Act. The findings were based upon the testimony of two psychiatrists who had been treating Kenneth since 1967, and who diagnosed him as a paranoid schizophrenic. Paranoid schizophrenia is, according to the testimony, a massively dehabilitating mental illness, with an extremely poor prognosis. The trial court found that the incompetent was mentally ill at the time of the appointment of a conservator, at the time of trial and the illness continues to the present day. This finding is amply supported by the record. Accordingly it was not error to grant the motion in limine.

Plaintiff also argues that it was error to grant a directed verdict for defendant.

At trial, Charles Cumbie, a State trooper, testified that he investigated an automobile accident on June 3, 1969. The accident occurred at the intersection of Old Jacksonville Road and Farmingdale Road in Sangamon County. He concluded, from his investigation, that the car owned by W. K. and Gretchen Ackerman and being driven by Kenneth, was traveling west on Old Jacksonville Road, which was the preferential highway with a speed limit of 65 m.p.h. Plaintiff Trapp was a passenger in a car driven by Miss Helen Jones, whose vehicle was heading south on Farmingdale Road. There was a stop sign on Farmingdale Road at the intersection. The final position of both cars was in the southwest corner of the intersection. From his investigation of the debris and gouge marks, the Trooper concluded that the impact took place in the west lane of the Old Jacksonville Road (Kenneth's proper lane.) After refreshing his memory, the officer testified that there were skid marks 12 feet long running from the direction of the stop sign and angling from the point of

impact to where the cars finally stopped. In his opinion the skid marks were made by the Jones' vehicle.

■■ The standard to be applied is, of course, the familiar *Pedrick* rule, *i.e.,* whether the evidence received in its aspect most favorable to plaintiff, so overwhelmingly favors defendants that no contrary verdict could stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

Plaintiff argues that there was sufficient evidence to go to the jury on the issue of defendant's negligence in failing to keep a proper lookout and in driving at an excessive speed.

It is true that the driver on a preferential highway does not have an absolute right of way. The cases cited by plaintiff are, however, distinguishable from the present case, in that, in each, there was some direct evidence of lack of ordinary care. *Conner v. McGrew* (1961), 32 Ill. App. 2d 214, 177 N.E.2d 417; *Froman v. Day* (1967), 87 Ill. App. 2d 250, 231 N.E.2d 10; *Reed v. Williams* (1973), 9 Ill. App. 3d 742, 292 N.E.2d 426.

Both *Hale v. Cravens* (1970), 129 Ill. App. 2d 466, 263 N.E.2d 593, and *Kancevicius v. Moyer* (1971), 132 Ill. App. 2d 86, 269 N.E.2d 328, dealt with preferential highway-intersection accidents. In *Hale,* the appellate court held that a judgment *n.o.v.* should have been entered for the parties in the car on the preferential highway. In *Kancevicius,* a directed verdict for the driver on the preferential highway was upheld. In the case at bar, when all the evidence is viewed most favorably to plaintiff, the evidence overwhelmingly favors defendants as there is no evidence Kenneth failed to keep a proper lookout or traveled at an excessive speed.

Defendant Orr made a motion to be dismissed as a party to the appeal. No objection to this motion was made by plaintiff and the motion to dismiss the appeal as to defendant Orr was allowed by the court.

For the reasons discussed above, the judgment of the trial court is affirmed.

CRAVEN, P. J., and GREEN, J., concur.