PHILLIP GUST, *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF SKOKIE, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—2297

Opinion filed June 22, 1984.

Wayne Schwartzman, of Wayne Schwartzman & Associates, of Chicago, for appellants.

Harvey Schwartz and Jeffrey D. Greenspan, both of Skokie, for appellees.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from an order dismissing plaintiff's action to compel defendants to convene an arbitration board pursuant to section 10—3—8 of the Illinois Municipal Code (section 10—3—8) (Ill. Rev. Stat. 1981, ch. 24, par. 10—3—8). The sole issue before us is the propriety of that dismissal.

On April 14, 1983, plaintiffs filed the instant complaint for writ of *mandamus*, alleging that they represented members of the village of Skokie fire department (the firefighters); that a dispute existed between the firefighters and officials of the village of Skokie (village) concerning changes in the village's merit pay and "sick day" policies; that on February 23, 1983, the firefighters made a written demand on the village that it convene an arbitration board as required by section 10—3—8, which provides that "[w]henever a dispute exists concerning wages, hours of labor, or conditions of employment of members of the fire department of any municipality with a population of 5,000 or more, a firemen's arbitration board shall be appointed"; and that, on March 18, 1983, the village manager notified the firefighters that the dispute would not be submitted to arbitration. The firefighters asserted that the village had a nondiscretionary duty to convene an arbitration board upon proper demand, and asked that the trial court order the village to comply with the statute.

The village moved to dismiss the complaint, asserting in pertinent part that, as a home rule unit, it was not bound by section 10—3—8 because the village manager's denial of the demand for arbitration effectively superseded that statute. Thereafter, a supplemental motion was filed, asserting as a further ground for dismissal that the village's board of trustees had adopted an ordinance on May 16, 1983, which superseded sections 10—3—8 through 10—3—11 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, pars. 10—3—8 through 10—3—11).

At a hearing on the motion to dismiss, the trial court indicated that it did not agree with the village's position that the manager's action superseded section 10—3—8, or that its ordinance enacted subsequent to the commencement of the firefighters' suit could be applied to bar that action. However, it noted that the decisions of any arbitration board which might be empaneled would not be binding on the village (Ill. Rev. Stat. 1981, ch. 24, par. 10—3—10), and stated that, in the light of the position taken by the village manager in deny-

ing the request for arbitration, and that of the board of trustees in enacting the superseding ordinance, it appeared that ordering the village to engage in nonbinding arbitration would be a futile act. It therefore granted the motion to dismiss, and this appeal followed.

OPINION

■■ It is our view that the controlling issue in the instant case is the applicability of section 10—3—8, mandating advisory arbitration, in the light of a conflicting village ordinance declaring that disputes concerning employee wages and benefits shall not be submitted to arbitration (the ordinance). (Village of Skokie Ordinance No. 83—5—D—1522.) It appears that adoption of this ordinance was within the broad powers granted to home rule units by section 6(a) of article VII of the 1970 constitution, which provides in relevant part that home rule units "may exercise any power and perform any function pertaining to [their] government and affairs ***." (Ill. Const. 1970, art. VII, sec. 6(a).) Furthermore, although section 9 of the Transition Schedule of the 1970 Constitution provides that State statutes such as section 10—3—8, enacted prior to the effective date of the new constitution, "shall remain in force, until they shall expire *** or shall be altered or repealed ***," it is established that any exercise by a home rule unit's governing body of the power granted by section 6(a), including adoption of an ordinance, supersedes previously enacted statutes which are in conflict therewith. (*Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 403 N.E.2d 258; *Paglini v. Police Board* (1975), 61 Ill. 2d 233, 335 N.E.2d 480.) Here, the village's governing body has adopted an ordinance which conflicts with section 10—3—8 and, since the statute upon which plaintiffs rely in seeking *mandamus* has been superseded thereby, we believe that the complaint was properly dismissed.

Plaintiffs do not argue that the village had no power to supersede section 10—3—8; instead, they maintain that their action must be governed by the law which was in effect when the demand for arbitration was denied and the complaint for writ of *mandamus* was filed. Therefore, they posit, the applicable law is section 10—3—8, since the village ordinance was not adopted until May 16, 1983, one month after this action commenced.

■■ ■ We disagree. Recently, in *Sagittarius, Inc. v. Village of Arlington Heights* (1980), 90 Ill. App. 3d 401, 413 N.E.2d 90, we stated the general rule with regard to what law must be applied in an action based upon legislative enactment:

"[A] legislative body has a continuing right to amend a statute

or ordinance, even while litigation is pending involving the legislation. *The court must decide the case in accordance with the law in effect at the time of decision.* [Citations.] This rule is equally applicable to cities and villages and the enactment of ordinances. [Citation.] Likewise, the repeal of an ordinance stays all proceedings arising from it which are pending at the time of appeal." (Emphasis added.) (90 Ill. App. 3d 401, 404, 413 N.E.2d 90, 93.)

It is our view that this general rule is equally applicable to cases in which the action of a home rule unit has superseded a conflicting statute enacted prior to the effective date of the 1970 constitution. The constitution drastically altered the relationship between local and State government by granting home rule units greater autonomy in directing their government and affairs while simultaneously limiting the power of the General Assembly to circumscribe that autonomy. (*Kanellos v. County of Cook* (1972), 53 Ill. 2d 161, 290 N.E.2d 240.) In order to carry out this constitutional shift in power, our courts have provided not just for parity between local governmental actions and previously enacted statutes which would limit the powers granted by section 6(a), but have given local actions an overriding effect by ruling that they supersede, *i.e.*, "[o]bliterate, set aside, annul, replace, make void *** [or] repeal" conflicting State statutes. (Black's Law Dictionary 1289 (5th ed. 1979).) The degree of protection granted to the autonomy of home rule units in the face of conflicting State statutes is most evident in *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 403 N.E.2d 258, wherein our supreme court ruled that the action of a home rule unit's governing body in refusing to comply with a State statute enacted prior to the 1970 constitution was sufficient to supersede that statute. In the light of the superior position granted to the ordinances of home rule units, we believe that their adoption has the same effect as the repeal or amendment of a previously enacted State statute by the General Assembly.

█▌ █ Of course, as with the repeal or modification of any ordinance or statute, prior law should be applied where to do otherwise would affect a vested right or impair contractual obligations. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000; *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 193 N.E.2d 844; *Sagittarius, Inc. v. Village of Arlington Heights* (1980), 90 Ill. App. 3d 401, 413 N.E.2d 90.) However, it has been held that statutes governing the wages, working conditions, or employment benefits of public employees do not create any vested rights in the continued existence

of those laws. For example, in *Chicago Patrolmen's Association v. City of Chicago* (1974), 56 Ill. 2d 503, 309 N.E.2d 3, *cert. denied* (1974), 419 U.S. 839, 42 L. Ed. 2d 66, 95 S. Ct. 68, the supreme court ruled that public employees had no vested right in the continuation of an ordinance providing for a specific rate or method of compensation, even where they were employed prior to the amendment of that ordinance. Similarly, in *Jordan v. Metropolitan Sanitary District* (1958), 15 Ill. 2d 369, 155 N.E.2d 297, the court ruled that an amendment providing for a mandatory retirement age was applicable to employees hired prior to the amendment's adoption, noting that those employees had no vested rights in the continued existence of the prior statute. Finally, in a case considering the applicability of an amendment to a statute concerning police pension funds, this court noted:

> "The statutory police pension fund provided for by this statute requiring compulsory participation and compulsory contributions by the police officers confers no vested rights upon the police officers or other participants ***; the Legislature may alter, amend, or repeal a statute of this type without interfering with any vested contractual rights, because there are no such vested contractual rights [citation]. *** A statute of this type may, as to the eligibility requirements for a pension in years of service and age of the officer, be modified, revised, amended, superseded, or repealed by the Legislature after the police officer's original appointment [citation]; or after the police officer's retirement and application for a pension under the statute as it existed at the time of his retirement and application [citation]."
> (*Blough v. Ekstrom* (1957), 14 Ill. App. 2d 153, 159-60, 144 N.E.2d 436, 439-40.)

Thus, contrary to plaintiffs' assertions, the mere fact that this statute was in effect at the time that they were employed, and that they performed services while the statute was in effect, conferred no vested right in the continuation of that statute. Although the terms of employment of government employees are governed by statute in many instances, those statutes are not in the nature of a contract, and their repeal does not ordinarily affect any vested rights, since no vested rights arise thereunder.

    ■ Finally, we note that our decision is further supported by the fact that section 10—3—8 is not directly concerned with compensation or terms of employment, but provides merely a remedy or procedure for the resolution of disputes over those issues, and it is established that the unconditional repeal of a statute granting a special remedy stops all pending actions where the repeal finds them (*Lincoln Com-*

*munity High School District No. 404 v. Elkhart Community High School District No. 406* (1953), 414 Ill. 466, 111 N.E.2d 532), since, as previously noted, courts must dispose of cases under the law in effect when the decision is rendered (*Board of Education v. Brittin* (1957), 11 Ill. 2d 411, 143 N.E.2d 555). This rule has been applied even where a cause of action had accrued and suit thereon had been filed prior to the repeal of the special remedy, and no other remedy was available. (See, *e.g., Shelton v. City of Chicago* (1969), 42 Ill. 2d 468, 248 N.E.2d 121, *cert. denied* (1969), 396 U.S. 906, 24 L. Ed. 2d 182, 90 S. Ct. 222; *Wall v. Chesapeake & Ohio Ry. Co.* (1919), 290 Ill. 227, 125 N.E. 20, *appeal dismissed* (1921), 256 U.S. 125, 65 L. Ed. 856, 41 S. Ct. 402. See also *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000 (amendment to statute governing procedure for selecting school principals applicable, although adopted subsequent to commencement of action under prior statute); *Sagittarius, Inc. v. Village of Arlington Heights* (1980), 90 Ill. App. 3d 401, 413 N.E.2d 90 (amendment to ordinance governing procedure for granting licenses applicable, although adopted subsequent to commencement of action under prior ordinance).) In the instant case, the village ordinance had the effect of repealing section 10—3—8, and since that statute is one granting a special remedy or establishing a procedure for the resolution of disputes, we believe that it is immaterial that the dispute arose and the action was commenced prior to the adoption of the ordinance, and it is our view that the complaint was properly dismissed.

In the light of our determination that section 10—3—8 was inapplicable under the circumstances of this case, we need not reach the issues raised concerning the trial court's stated reason for dismissing the action, since we may affirm a legally correct decision on any ground appearing in the record, regardless of the reasons advanced by the trial court. *U-Haul Co. v. Town of Cicero* (1980), 87 Ill. App. 3d 915, 410 N.E.2d 286.

For the foregoing reasons, the order of the trial court dismissing plaintiffs' complaint for writ of *mandamus* is affirmed.

Affirmed.

MEJDA, P.J., and LORENZ, J., concur.