CAISSON CORPORATION, Plaintiff-Appellant, v. THE HOME INDEM-NITY CORPORATION, Defendant-Appellee.

First District (1st Division)   No. 85—3340

Opinion filed December 29, 1986.

Burke, Griffin, Chomicz & Wienke, P.C., of Chicago (George P. Harris and Douglass G. Hewitt, of counsel), for appellant.

Williams & Montgomery, Ltd., of Chicago (James K. Horstman, Barry L. Kroll, Richard W. Schumacher, and Lloyd E. Williams, Jr., of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

The primary issue raised by this appeal is whether the trial court properly found that exclusionary clauses contained in an insurance policy issued by defendant, Home Indemnity Corporation, rendered defendant not liable for damage to a concrete pumping truck which plaintiff used to pour bridge caissons. For the following reasons, we affirm.

A brief summary of the facts is as follows. On November 17, 1981, plaintiff, Caisson Corporation, an Illinois corporation engaged in the business of constructing concrete foundations, was involved in a bridge construction project in Phoenix, Arizona. Plaintiff had contracted to pour the caissons for the bridge. Pursuant to this undertaking, plaintiff dug the holes where the caissons were to be placed and had concrete delivered to the site. In order to transfer the concrete to the holes, the project specifications called for the use of a concrete pumping truck, which plaintiff obtained from Cross Concrete Pumping Equipment Company at a rate of $95 per hour. This rate included the services of a Cross employee to operate the pump.

The concrete was brought to the construction site in liquid form and was transferred to the Cross truck. A hose leading from the truck was attached to a tremie pipe which served as a nozzle for the hose. A crane operated by plaintiff's employees would lower the pipe into the hole when the pumping action commenced. Plaintiff supervised the operations of the concrete pumping truck as well as those of the crane. On the date in question, the boom of the crane collapsed and damaged the Cross truck. Cross and its subrogee, among other parties, subsequently brought suit against plaintiff for the damage sustained.

At the time of the incident, plaintiff was insured under a first-party liability policy issued by the Home Insurance Company, an affiliate of defendant with whom plaintiff ultimately settled for damage to the crane and equipment other than the truck, and a third-party liability policy issued by defendant which is the subject of the present dispute. While defendant accepted the defense of plaintiff in the actions cited above, it did so subject to a reservation of rights based on the following exclusions contained in the third-party policy:

"This insurance does not apply:
* * *

(k) to property damage to
(1) property owned or occupied by or rented to the insured,
(2) property used by the insured, or
(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control * * *."

As a result of defendant's disclaimer of coverage for the pumping truck, plaintiff filed a declaratory action to determine its rights under the policy. After both parties filed cross-motions for summary judgment, the trial court granted defendant's motion, reasoning that such coverage was excluded since the truck was in the control of or rented

to plaintiff. It is from this ruling that plaintiff appeals, contending that neither of the exclusions relied on by the trial court apply.

■ We initially note that summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) We believe that the trial court correctly found that defendant was not liable under the third-party policy as a matter of law.

■ With respect to whether property is in the "care, custody or control" of an insured so as to preclude liability under such exclusion clauses, the Illinois cases employ a two-part test. If the property damaged is within the possessory control of the insured at the time of the loss and is a necessary element of the work performed, the property is considered to be in the care, custody, or control of the insured. (*Insurance Co. of North America v. Adkisson* (1984), 121 Ill. App. 3d 224, 459 N.E.2d 310; *Country Mutual Insurance Co. v. Waldmจn Mercantile Co.* (1981), 103 Ill. App. 3d 39, 430 N.E.2d 606.) While the control exercised by the insured must be exclusive, it need not be continuous, and if the insured has possessory control at the time the property is damaged, the exclusionary clause will apply. (*Country Mutual Insurance Co. v. Waldman Mercantile Co.* (1981), 103 Ill. App. 3d 39, 430 N.E.2d 606.) Moreover, intimate handling of the property is not a prerequisite to establishing possessory control. *Stewart Warner Corp. v. Burns International Security Services, Inc.* (7th Cir. 1975), 527 F.2d 1025.

Since plaintiff here concedes that the concrete pumping truck was a necessary element of the work performed, the only issue is whether plaintiff had sufficient possessory control of it. The record discloses, and plaintiff admits in its brief, that plaintiff strictly supervised the entire project. Plaintiff determined which days the pumping truck would be used, how long the job would last each day, and when the operators should arrive and depart. At the work site, plaintiff told the truck's operators which hole to pour, where to park the truck, and how the truck should be positioned in relation to the crane. Plaintiff was also responsible for providing a level spot on which the truck could be parked, the concrete to fill the truck, a tremie pipe to off-load the truck, and adequate lighting at the site. With the exception of an emergency, plaintiff even dictated when the operators were to begin and stop pumping. We therefore conclude that plaintiff had possessory control of the truck at the time of the loss, and accordingly,

exclusion (k) of the policy applies.

Plaintiff stresses that because Cross employees actually operated the truck using a remote control device, which only they had the expertise to do, and the truck was driven back to Cross Equipment every evening, Cross, not plaintiff, exercised the necessary control. As noted above, however, intimate handling and continuous possession of the property are not required to establish possessory control in Illinois. Rather, the relevant inquiry is which party had control at the time of the damage, and we believe plaintiff did. Thus, plaintiff's argument must fail.

We also find that *Glens Falls Insurance Co. v. Fields* (Fla. Dist. Ct. App. 1965), 181 So. 2d 187, relied on by plaintiff lends further credence to the conclusion that exclusion (k) is applicable to plaintiff's claim. In *Glens Falls*, Fields rented a crane and operator from Brorson, a contractor and Glens Falls' insured, for the purpose of moving Fields' silo. While the silo was suspended in midair, the crane collapsed and the silo was destroyed. When Fields sued Brorson for damages, Glen Falls denied coverage on the ground that Brorson maintained possessory control over the silo through his crane operator, causing the action to fall within the purview of an exclusion in Brorson's policy similar to the one in the instant case. The appellate court held against the insurer, finding that Fields retained both proprietary control and possessory control over the silo by virtue of its supervision over the move. Likewise, in the present case, plaintiff maintained possessory control over the pumping truck by virtue of its sole authority to direct its movement.

Contrary to plaintiff's intimations, *Shankle v. VIP Lounge, Inc.* (Fla. Dist. Ct. App. 1985), 468 So. 2d 548, and *Arnold v. Adventureline Manufacturing Co.* (1972), 209 Kan. 80, 495 P.2d 1007, do not stand for the proposition that supervisory direction is insufficient for a finding of care, custody, or control. Rather, in both of those decisions, the insurance companies were held liable for damage to the plaintiff's property because there was no showing that the insured exercised such supervisory control. In *Shankle*, the plaintiff merely left his musical equipment, which was destroyed by fire, overnight on the insured's premises. In *Arnold*, there was no evidence presented as to the physical location, use, custody, or control of the employees' tools which were damaged when a fire broke out at their employer's plant. In fact, in *Arnold*, the court found that the employees themselves retained control over their own tools as a result of their supervision over them.

■ We next turn to whether the trial court properly held that the

pumping truck was "rented to" plaintiff. It is well established in Illinois that " '[i]n the absence of ambiguity, words in an insurance policy are to be given their plain, ordinary and popular meaning.' " (*Ellis v. Sentry Insurance Co.* (1984), 124 Ill. App. 3d 1068, 1070, 465 N.E.2d 565, 567, quoting *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 170-71, 319 N.E.2d 491, 495.) In this case, the facts indicate that the truck was "rented to" plaintiff within the commonly understood meaning of those words. Dennis Cross, who rented the truck from his brother's company, testified in his deposition that he rented the pumping truck to plaintiff at a rate of $95 per hour, which included the services of an operator, a minimum of three hours' use each day, a half hour for set up each day of use, and a half hour for travel time. Cross even referred to the agreement with plaintiff as a "daily rental". Furthermore, the purchase order itself which memorialized the contract specifically identified the transaction as a "rental".

■ Given that this court may sustain the trial court's judgment upon any ground warranted (*Material Service Corp. v. The Department of Revenue* (1983), 98 Ill. 2d 382, 457 N.E.2d 9; *Gust v. Village of Skokie* (1984) 125 Ill. App. 3d 102, 465 N.E.2d 696), we additionally find that coverage was excluded for the truck under the third-party policy because it was property "used by" plaintiff. "[A]n insured 'uses' property within the meaning of the exclusion clause only where he puts it to his own service or to the purpose for which it was ordinarily intended." (*Alderman v. Hanover Insurance Group* (1975), 169 Conn. 603, 607, 363 A.2d 1102, 1105, quoting *Boswell v. Travelers Indemnity Co.* (1956), 38 N.J. Super. 599, 607, 120 A.2d 250, 254.) Moreover, the exclusion does not require exclusivity of use. See *Hardware Mutual Casualty Co. v. Mason-Moore-Tracy, Inc.* (2nd Cir. 1952), 194 F.2d 173.

In light of the definition cited above, the record in this case demonstrates that the pumping truck was "used by" plaintiff at the time of the incident. It is undisputed that plaintiff could not perform its work on the project without it. Plaintiff put the truck to its own service and used it to pump concrete into the holes dug for the caissons, a purpose for which a concrete pumping truck is intended. The fact that a Cross employee actually operated the truck is not relevant since, as noted in *Hardware Mutual Casualty Co.*, shared use of damaged property will invoke the exclusion.

■ We next address plaintiff's contention that defendant is precluded from asserting exclusion (k) as a defense because it breached its duty to defend by failing to advise plaintiff of the possibility of coverage for the pumping truck under its affiliate's first-party policy.

Pursuant to the first-party policy, coverage is afforded for damage to equipment owned by or leased, rented, or loaned to plaintiff. We find plaintiff's argument unavailing.

First, plaintiff has cited no provision in its third-party policy and no legal authority imposing an affirmative duty on an insurer to inform its insured of the potential application of a policy written by another carrier. Defendant clearly fulfilled its obligations to plaintiff by accepting its defense under a reservation of rights in those actions arising out of damage to the pumping truck. To the extent that plaintiff maintains it was prejudiced by defendant's alleged failure to advise, such a claim is also without merit. Plaintiff was clearly aware of the potential applicability of the first-party policy to the truck as evidenced by its complaints for declaratory judgment against defendant's affiliate in which plaintiff requested coverage for the truck. And finally, the theory that defendant breached its duty to disclose was not pleaded by plaintiff prior to this appeal, and therefore is deemed waived.

For the foregoing reasons, the order of the circuit court granting summary judgment in favor of defendant is affirmed.

Affirmed.

QUINLAN, P.J., and CAMPBELL, J., concur.