RANDALL L. BERMAN, Indiv. and on behalf of all former members of Local 239A, Chicago Joint Board, RWDSU, AFL-CIO, Plaintiffs-Appellants, v. THE NATIONAL PHARMACISTS ASSOCIATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 85—2896

Opinion filed May 29, 1987.

Randall L. Berman, of Chicago, for appellant, *pro se.*

David Mathews, of Carmell, Charone, Widmer & Mathews, Ltd., of Chicago, for appellee National Pharmacists Association.

Jacob Pomeranz, of Cornfield & Feldman, of Chicago, for other appellees.

JUSTICE LORENZ delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County dismissing plaintiffs' complaint and the denial of the petition to reconsider that order dated September 23, 1985.

Plaintiffs contend the trial court erred in dismissing their complaint because monies from the disbanded Local 239A's personal bank

account were wrongfully taken and withheld from the former members by a successor union. Plaintiffs further contend that the trial court erred in dismissing plaintiffs' cause of action where defendant National Pharmacists Association did not so move and also had filed an answer and counterclaims to plaintiffs' complaint.

Pertinent to our disposition are the following facts. Local 239A, Retail, Wholesale, and Department Store Union, AFL-CIO (RWDSU), was a voluntary unincorporated association affiliated with Chicago Joint Board, RWDSU, AFL-CIO (CJB). The bylaws of the CJB establish that the governing body is that of the Retail, Wholesale, and Department Store Union, which is commonly referred to as the International union. Plaintiff is a registered pharmacist employed by Walgreen's and a member of Local 239A. Local 239A membership dues collected by automatic withdrawal were held in a bank account. On July 19, 1974, while still bound by its contract with the CJB, members of Local 239A voted to disband and form the National Pharmacists Association (NPA) as the exclusive bargaining agent for Walgreen pharmacists and NPA is now so certified. On September 17, 1984, the international executive board by vote dissolved the charter of Local 239A.

Defendants moved to dismiss the complaint on the grounds that the local was dissolved pursuant to the constitution and bylaws of the International to which it was subject and that these documents provide that the funds of the affiliate became property of the International upon dissolution of the local.

Defendants' motion was brought pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure, which permits involuntary dismissal of a claim when barred by affirmative matter avoiding the legal effect of the claim. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) Defendants filed certified copies of the constitution of the International and the bylaws and constitution of both Local 239A and the CJB. Defendants also filed the affidavit of Lenore Miller, secretary-treasurer of RWDSU, AFL-CIO, stating that the International executive board on September 17, 1984, voted to dissolve Local 239A.

According to the documents provided by defendants, RWDSU is affiliated with the AFL-CIO, the International. Its membership includes locals and joint boards, all of which are subject to the International constitution. Pursuant to article VII, the International's revenue is derived from individual members' dues.

Section 1(c) of article IX of the International constitution, on which plaintiff relies, states that local funds remain the sole and exclusive property of the local and that when the membership in the lo-

cal falls below seven in number, the International shall hold the local's funds in trust for its members.

In apparent conflict with this provision is article XVII of the International constitution, which states that, "in the event of dissolution of an affiliate, its funds become the property of the International." But dissolution only occurs upon approval of the International executive board. In this case the Miller affidavit establishes that such approval occurred on September 17, 1984.

Plaintiffs argue that there were no members of Local 239A as of August 1, 1984, and that the vote of the International executive board to dissolve Local 239A on September 17, 1984, was a futile attempt by defendant RWDSU in conjunction with the International to comply with their own constitutional provisions. However, plaintiffs offer absolutely no evidentiary matter in support of that proposition. There is not a scintilla of evidence within the record which affirmatively establishes that the Local 239A membership fell below seven in number before the September 17, 1984, vote. Plaintiff cannot rely upon his unverified pleadings to oppose a motion to dismiss. (*Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 342 N.E.2d 329.) Absent such evidence, the local's funds automatically became property of the International upon approval of the International executive board. As such, plaintiffs have no claim on the property of defunct Local 239A. In light of our determination that plaintiffs have not demonstrated that Local 239A's membership had fallen below seven, we need not reach the issue of article IX's apparent conflict, since we may affirm a legally correct decision on any ground appearing in the record, regardless of the reasons advanced by the trial court. *Gust v. Village of Skokie* (1984), 125 Ill. App. 3d 102, 465 N.E.2d 696.

Plaintiffs next contend that it was improper for the trial court to dismiss NPA, since NPA had filed an answer and counterclaims to plaintiff's complaint and was a nonmoving party to the motion. A close reading of the September 23, 1985, transcript of proceedings reveals that the trial court vacated the dismissal order as entered in favor of NPA. Simultaneously, however, the court then entertained NPA's motion to dismiss and subsequently granted that motion. Plaintiffs voiced no objection to that procedure. The Illinois Code of Civil Procedure expresses a clear intention to have pleadings and amendments liberally construed for the purpose of doing substantial justice between the parties and determining cases according to the substantive rights of the parties, consistent with fair and orderly procedure. (*Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593.) Although the better practice would have been for NPA to withdraw its

answer and counterclaims, we believe that the trial court acted within its discretion in entertaining NPA's motion to dismiss, under these circumstances. See *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593; Laycock, *Dispositive Pre-Trial Motions in Illinois—Sections 45, 48 and 57 of the Civil Practice Act*, 9 Loy. U. Chi. L.J. 823 (1978).

For the reasons stated the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.