ART SIGNS, INC., Plaintiff-Appellant, v. SCHAUMBURG STATE BANK *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—1834

Opinion filed October 9, 1987.

Ardwin E. Boyer, of Donald A. Shapiro, Ltd., of Chicago, for appellant.

William T. Dwyer, Jr., and Mary Anne Gerstner, both of Burke, Griffin, Chomicz & Wienke, P.C., of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed this cause alleging defendants wrongfully removed and destroyed a sign in which it had a security interest. This is an appeal from the order of the circuit court of Cook County granting the motion of First Bank of Schaumburg, formerly known as Schaumburg State Bank, and of Suburban Bank of Barrington, to strike and dismiss for failing to state a cause of action in the third amended complaint as to them, and from an order denying leave to file fourth amended counts IV, V and VI as to defendant banks. The court denied the motion to file the amended counts on the basis that a security interest in Art Signs was not shown and on the basis that the counts failed to allege a demand on the banks for the signs.

On appeal plaintiff urges the following: (1) the fourth amended counts IV, V and VI state a cause of action; (2) the lease agreement and financing statement constitute a security contract under Illinois law; (3) the defendants can be charged with notice of a claimed security interest in property by virtue of the filing of the financing statement with the Illinois Secretary of State; and (4) plaintiff is not required to make a demand in order to successfully plead a cause of action for conversion.

We affirm on other grounds without reaching these contentions.

This action was brought by Art Signs, Inc., against Michael B. Schwartz; Schaumburg State Bank, as trustee under trust No. 872; and Northwest Feathers, Inc. The original complaint alleged that by lease agreement dated September 29, 1980, Art Signs leased illuminated electric signs to defendant, Schwartz, over a five-year term and installed the signs at Schwartz' restaurant. Monthly payments were to be made to Heritage Olympia Bank. A rider to the lease further provided that upon expiration of the five-year term of the lease if all rental payments and all conditions of the lease were complied with, lessor would agree to convey the sign to lessee for $15. The complaint further alleged that a financing statement was filed with the Secretary of State on October 5, 1980, perfecting Art Signs' security interest in the signs. A copy of the lease and rider, but not the financing statement, was attached to the complaint.

Schaumburg State Bank, in the capacity as trustee of trust No. 872, was alleged to be the owner of the restaurant premises, such ownership having been during "[s]ome portion or all of the period from September 29, 1980 to August 26, 1982." The complaint alleged that

the signs were removed from the property and that Schwartz, Schaumburg State Bank, and Northwest Feathers converted or failed to exercise due care for the signs after the default by Schwartz. Following Schaumburg State Bank's motion to dismiss, Art Signs filed an amended and eventually a second amended complaint.

The second amended complaint alleged that Schaumburg State Bank and Suburban Bank of Barrington, at an undisclosed time, became entitled to possession of the restaurant, as beneficiaries of the land trust holding title to the property. It was further alleged that their signs were negligently removed. The defendants also allegedly converted the signs. No exhibits were attached to the second amended complaint. Defendants' motion to strike and dismiss certain counts was granted and Art Signs was given leave to file a third amended complaint.

Plaintiff filed a third amended complaint containing essentially the same allegations as the first complaints. No exhibits were attached. Schaumburg State Bank and Suburban Bank of Barrington filed a motion to strike and dismiss the complaint for failure to state a cause of action on the basis of numerous pleading defects, the failure to allege a security interest or the elements of conversion, as well as the failure to allege any legally cognizable duty owed by the banks to Art Signs under the facts alleged, or any breach of such a duty. The motion was granted by order dated May 20, 1985. Art Signs' oral motion for leave to amend within five days was denied; however, Art Signs was given permission to move to file a fourth amended complaint within 30 days.

On July 1, 1985, Art Signs moved to file a fourth amended complaint as to Schaumburg State Bank and Suburban Bank of Barrington. Counts IV and VI allege that Schaumburg State Bank and Suburban Bank of Barrington negligently caused the signs to be removed. The only difference between the two counts is that count VI alleges that the banks caused the signs to be removed through Northwest Feathers, Inc. Count V alleges that the banks converted the signs by causing the signs to be removed in August 1982. The lease and the financing statement are attached as exhibits; however, the rider to the lease is not attached. According to the financing statement, Heritage Olympia Bank is the assignee of the secured party, Art Signs. No demand for possession on either Schwartz or on the bank is alleged. Nor is the time when the banks allegedly took possession of the property alleged.

As we have noted, the court denied the motion to file the amended counts IV, V and VI on the basis that a security interest in Art Signs was not shown and on the basis that the counts failed to allege a de-

mand on the banks for the signs. After the dismissal of the banks, Art Signs dismissed the other defendants.

OPINION

■■ The circuit court found that plaintiff failed to allege the existence of a security agreement as defined by article 9 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 9—105(1)), and the fourth amended counts IV, V and VI did not, therefore, state a cause of action. Plaintiff was accordingly denied leave to file its fourth amended pleading, letting stand that May 20, 1985, order which dismissed its third amended complaint. Plaintiff contends that this finding was contrary to law because sufficient facts were alleged to demonstrate the existence of a security agreement. We affirm the holding of the circuit court without addressing the question of whether a security agreement is present because we may affirm a legally correct decision on any ground appearing in the record, regardless of the reasons advanced by the trial court. *Gust v. Village of Skokie* (1984), 125 Ill. App. 3d 102, 465 N.E.2d 696.

■ Even assuming that the lease agreement in question was found to constitute a security agreement, the financing statement reflects the assignment of any alleged security interest to Heritage Olympia Bank, 1985 Olympia Plaza, Chicago Heights, Illinois. Similarly, the lease itself calls for payments to be made to Heritage Olympia Bank at the same address. After filing the disclosure of the assignment of a security interest, the assignee, here Heritage Olympia Bank, is the secured party of record. (Ill. Rev. Stat. 1985, ch. 26, par. 9—405(3).) When a valid assignment is effected, the assignee acquires all of the interest of the assignor in the property that is transferred. (*Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 223 N.E.2d 167.) Consequently, Art Signs, the assignor, is not the proper party to this litigation. Heritage Olympia Bank is the assignee of whatever security interest Art Signs may claim in the signs which are the subject of this lawsuit. Thus, Heritage Olympia Bank and not Art Signs would have a right to immediate possession imposed by virtue of the alleged security contract. This case is not brought by Heritage but by Art Signs, without any allegation of a right to claim an interest in the subject signs.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.