SIXTH DIVISION
February 9, 2007

No. 1-05-0267

ESSEX INSURANCE COMPANY,                    )    Appeal from the
                                            )    Circuit Court of
        Plaintiff-Appellee,                 )    Cook County
                                            )
    v.                                      )
                                            )
HAROLD WRIGHT, Special Administrator of )
the Estate of Brian Wright, Deceased,       )
                                            )
        Defendant-Appellant                 )
                                            )
(O'Hare Auto Recycling,                     )    Honorable
                                            )    William Maki,
        Defendant).                         )    Judge Presiding

JUSTICE McNULTY delivered the opinion of the court:

Essex Insurance Company brought an action for declaratory judgment against its insured, O'Hare Auto Recycling, to determine whether its commercial general liability insurance policy covered a spoliation of the evidence claim filed against O'Hare. The trial court entered summary judgment in favor of Essex. We affirm.

BACKGROUND

Brian Wright died on October 13, 2002, when the Ford Bronco he was driving rolled over. O'Hare, which is in the business of recycling automobiles, acquired Wright's Bronco from a towing company. An attorney for Wright's estate paid O'Hare $675 to

store the vehicle.  When the attorney later tried to obtain the vehicle, O'Hare informed him that it had been crushed.

On August 6, 2003, Linda Wright, as special administrator of Wright's estate, filed a two-count complaint alleging a products liability action against Ford Motor Company and a spoliation of the evidence claim against O'Hare.  Linda alleged in her complaint that O'Hare owed her a contractual duty to store and preserve the Bronco as evidence for the products liability lawsuit.  She alleged that O'Hare "[f]ailed to maintain *** the Bronco ***; [or] [d]estroyed the vehicle."

O'Hare asked Essex to defend it against the estate's claims. Essex sued for a judgment declaring that it had no duty to defend or indemnify O'Hare under its commercial general liability insurance policy. The policy reads in pertinent part:

"1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  *** [W]e will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. ***

2. Exclusions

This insurance does not apply to:

***

    b. Contractual Liability

    'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1) That the insured would have in the absence of the contract or agreement ***.

        * * *

    j. Damage To Property

    'Property damage' to:

        * * *

    (4) Personal property in the care, custody or control of the insured."

The policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property," or "[l]oss of use of tangible property that is not physically injured."

Essex moved for summary judgment. The trial judge said:

"The question here is what duty is there from O'Hare Auto Recycling to Linda Wright. The only duty

that I see alleged is a contractual duty, and that's specifically excluded in the policy *** exclusion 2b ***. *** I'm going to grant the motion for summary judgment."

Harold Wright, as special administrator of the estate, appeals the judgment in favor of Essex.

ANALYSIS

We note first that nothing in the record shows a motion for substitution of Harold Wright for Linda Wright as special administrator of the estate. In Trapp v. Orr, 43 Ill. App. 3d 888, 889 (1976), as in this case, "all parties and the trial court treated the matter as though a formal order allowing the substitution had been entered." The court in Trapp held: "Plaintiff [appellant] does not argue that the substitution was improper and we will therefore treat the matter as the parties have done." Trapp, 43 Ill. App. 3d at 889. Essex, like the appellant in Trapp, does not contest the substitution. Following Trapp, we will treat the case as though Harold properly substituted for Linda.

The estate contends that the trial court erred in granting Essex summary judgment because the spoliation of evidence claim falls within the coverage of the policy. We disagree.

"[S]ummary judgment is properly granted if the pleadings,

-4-

depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Caisson Corp. v. Home Indemnity Corp., 151 Ill. App. 3d 130, 133 (1986). We review *de novo* the decision to grant a party summary judgment. General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co., 215 Ill. 2d 146, 153 (2005).

First the estate argues that the case involves two forms of property damage. The estate seeks to recover not only for the damage to the destroyed vehicle, but also for the diminution of the value of the product liability claim resulting from the destruction of the evidence. Appellant argues that such a negligence cause of action is a form of property covered by O'Hare's policy. We reject that notion.

The insurance policy at issue in Iowa Mutual Insurance Co. v. Hennings, No. 05-3073, slip op. at 3 (C.D. Ill. October 13, 2006), like the insurance policy here, defined property damage as "physical injury to tangible property" or "loss of use of tangible property." The insurer in Iowa Mutual sued for a judgment declaring that it had no duty to defend its insured against an underlying suit for damages arising from the loss in value of a workers compensation claim. The court held: "Property

damag[e] is limited to damage to tangible property. The damage to the cause of action is not damage to tangible property. Thus, the diminution in the value of his workers compensation claim is not covered." Iowa Mutual, No. 05-3073, slip op. at 7.

We agree with the court in Iowa Mutual that a cause of action does not qualify as tangible property. Thus, O'Hare's policy does not cover the diminution in the value of appellant's products liability claim.

We turn our focus instead to the damage to the destroyed Bronco. In reaching the conclusion that O'Hare's insurance policy excludes coverage of Wright's spoliation claim, we find the personal property exclusion most persuasive. That provision excludes property damage to "[p]ersonal property in the care, custody or control of the insured."

The "care, custody or control" exclusion "prevent[s] the general liability insurer from becoming a guarantor of the insured's workmanship in his ordinary operations. Failures of workmanship are a normal business risk which the insured is in the best position to prevent." Stewart Warner Corp. v. Burns International Security Services, Inc., 527 F.2d 1025, 1030 (7th Cir. 1975). To determine whether property is in the care, custody or control of an insured so as to preclude liability under such an exclusion clause, Illinois courts employ a two-pronged test.

"If the property damaged is within the possessory control of the insured at the time of the loss and is a necessary element of the work performed, the property is considered to be in the care, custody, or control of the insured." Caisson Co., 151 Ill. App. 3d at 133. "While the control exercised by the insured must be exclusive, it need not be continuous, and if the insured has possessory control at the time the property is damaged, the exclusion clause will apply." Country Mutual Insurance Co. v. Waldman Mercantile Co., 103 Ill. App. 3d 39, 42 (1981).

In Maryland Casualty Co. v. Holmsgaard, 10 Ill. App. 2d 1, 3 (1956), the owner of a car brought it to a shop to have a trailer hitch welded to the frame. The welding caused a fire that destroyed the car. First the car's owner sued the shop and then the shop's insurer sued the shop for a judgment declaring that it had no duty to defend or indemnify the shop against the car owner's lawsuit. The appellate court held:

"[The shop owner] had actual possession of the automobile. He had dominion over it. He managed and controlled it at his place of business and was in the act of welding a trailer hitch to the automobile at the time of the damage complained of. Under our statutes, he was entitled to a lien for his services. There can be no doubt that a bailment carries with it the

1-05-0267

surrender of possession and custody." Maryland

Casualty, 10 Ill. App. 2d at 9.

The court held that the exclusion for property in the insured's care, custody, and control applied, and therefore the court affirmed summary judgment for the insurer.

Here, as in Maryland Casualty, the insured had actual possession and control of the automobile at issue. O'Hare exercised possessory control over the Bronco first by storing it and then by destroying it.

Moreover, the allegations of the complaint show at least a constructive bailment of the vehicle.

"'Where *** one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person, and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, expressed or implied, to such relationship.'" Chesterfield Sewer & Water, Inc. v. Citizens Insurance Co. of New Jersey, 57 Ill. App. 2d 90, 94, (1965), quoting Woodson v. Hare, 244 Ala. 301,

1-05-0267

303-04, 13 So. 2d 172, 174 (1943).

O'Hare acquired the Bronco from the towing company. Once the attorney for the estate notified O'Hare of the need to preserve the vehicle as evidence, and especially after O'Hare accepted money for storing the Bronco, O'Hare had possession under circumstances whereby it ought to have kept it safely and returned it to the estate. Accordingly, we find that O'Hare acted as bailee of the vehicle when, according to the complaint, O'Hare either destroyed the vehicle, or failed to maintain it. See also Estep v. Johnson, 123 Ohio App. 3d 307, 314, 704 N.E.2d 58, 62-63 (1998). The bailment includes possessory control of the vehicle. Maryland Casualty, 10 Ill. App. 2d at 9.

We also find that the Bronco was a necessary element of the work O'Hare performed. O'Hare earns its income by recycling automobiles. Without automobiles to recycle, O'Hare would not be able to carry out its daily operations. Thus, in light of the nature of O'Hare's business, we find that the Wright's Bronco was a necessary element of the work performed. See Waldman Mercantile, 103 Ill. App. 3d at 43.

The allegations of the estate's complaint and the evidence presented leave no issue of material fact for trial. O'Hare had exclusive possessory control over the Bronco, and the Bronco was a necessary element of O'Hare's work. Thus, O'Hare had care,

-9-

custody or control of the Bronco within the meaning of the policy exclusion. The trial court correctly held that the exclusion clause establishes that Essex has no liability for the damage to the vehicle or to the estate's cause of action against Ford. Accordingly, we affirm.

Affirmed.

FITZGERALD SMITH, P.J., and O'MALLEY, J., concur.