NOTICE

Decision filed 05/02/08. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-06-0307

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, a Corporation, | ) Appeal from the ) Circuit Court of ) St. Clair County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 05-MR-181 |
| | ) |
| KEELEY & SONS, INC., TERRY MARTIN, ARDITH WYNN, RICKEY VANOVER, EGYPTIAN CONCRETE COMPANY, and ALLEN HENDERSON & ASSOCIATES, INC., | ) ) ) ) |
| | ) Honorable |
| | ) Patrick M. Young, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

United Fire & Casualty Company (United) appeals the circuit court's order granting a summary judgment in favor of Keeley & Sons, Inc. (Keeley), and denying United's motion for a summary judgment on its complaint for a declaratory judgment. For the following reasons, we reverse and remand with directions to enter a summary judgment in favor of United.

On June 20, 2005, United filed a two-count complaint for a declaratory judgment in the circuit court of St. Clair County. The complaint alleged that United issued a commercial general liability policy (the policy) to Keeley, which included a commercial umbrella liability policy, with coverage effective from December 31, 2000, to December 31, 2001.

Previously, on May 29, 2001, Terry Martin, Ardith Wynn, and Rickey Vanover (the employees), all of whom were employed by Keeley, fell from an I-beam and were injured. The employees filed suit (the underlying lawsuit) against Egyptian Concrete Company and

1

others (the underlying defendants). Counts alleging spoliation of evidence were added against Keeley on behalf of the employees, due to Keeley's alleged destruction or disposal of the I-beam. United in turn sent a letter to Keeley, denying coverage for the spoliation counts.

The underlying defendants filed counterclaims against Keeley, seeking contribution and damages for spoliation of evidence. Upon receipt of notice of the counterclaims, United sent a letter to Keeley, reaffirming its denial of coverage for all spoliation claims and further denying coverage for the counterclaims for contribution.

In count I of the complaint for a declaratory judgment, United sought, *inter alia*, a declaration that the policy afforded no coverage to Keeley for the defense of or indemnification for the claims alleging spoliation of evidence. Count II of the complaint sought, *inter alia*, a declaration that the policy afforded no coverage to Keeley for the underlying defendants' counterclaims for spoliation and contribution and that United was under no duty to defend or indemnify Keeley for those counterclaims or any other counterclaims for contribution to be filed concerning injuries to the employees.

On January 17, 2006, United filed a motion for a summary judgment on counts I and II of its complaint for a declaratory judgment. On February 21, 2006, Keeley filed a response and cross-motion for a summary judgment. On May 22, 2006, the circuit court granted Keeley's cross-motion for a summary judgment and denied United's motion for a summary judgment. United filed a timely notice of appeal on June 20, 2006.

United brings the following sole issue on appeal, which we have restated as follows: whether the policy issued by United to Keeley provides coverage for claims of spoliation of evidence. Rulings on motions for a summary judgment are reviewed *de novo*. *Dardeen v. Kuehling*, 213 Ill. 2d 329, 335 (2004).

"An insurance policy is a contract, and the general rules governing the interpretation

2

of other types of contracts also govern the interpretation of insurance policies." *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). "The court's primary objective in construing an insurance policy is to ascertain and give effect to the intentions of the parties as expressed in the policy language." *Illinois Farmers Insurance Co. v. Hall*, 363 Ill. App. 3d 989, 993 (2006) (citing *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 393 (2005)). "If the policy language is unambiguous, the policy will be applied as written, unless it contravenes public policy." *Hobbs*, 214 Ill. 2d at 17. "Whether an ambiguity exists turns on whether the policy language is subject to more than one reasonable interpretation." *Hobbs*, 214 Ill. 2d at 17. "If the policy language is susceptible to more than one reasonable meaning, it will be considered ambiguous and will be construed against the insurer." *Illinois Farmers Insurance Co.*, 363 Ill. App. 3d at 993 (citing *Gillen*, 215 Ill. 2d at 393). "Although 'creative possibilities' may be suggested, only reasonable interpretations will be considered." *Hobbs*, 214 Ill. 2d at 17 (quoting *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 193 (1993)). "Thus, we will not strain to find an ambiguity where none exists." *Hobbs*, 214 Ill. 2d at 17. "Although policy terms that limit an insurer's liability will be liberally construed in favor of coverage, this rule of construction only comes into play when the policy is ambiguous." *Hobbs*, 214 Ill. 2d at 17.

As a threshold matter, we note that United addressed the issue of coverage for the spoliation claims, as well as the counterclaims for contribution, in both its complaint for a declaratory judgment and its motion for a summary judgment. Keeley, on the other hand, referenced coverage for the spoliation claims in its cross-motion for a summary judgment, but it did not address the coverage issue with regard to the counterclaims for contribution. Likewise, in its order the circuit court addressed the issue of coverage only for the spoliation claims and omitted any reference to the counterclaims for contribution. Nevertheless, the circuit court granted Keeley's cross-motion for a summary judgment and denied United's

3

motion for a summary judgment. Although on appeal neither party briefed the issue of coverage for the counterclaims for contribution or brought it up at oral argument, it was nonetheless a substantive part of United's motion for a summary judgment, which was denied in its entirety by the circuit court.

The issue of coverage for the counterclaims seeking contribution could be deemed waived (forfeited) on appeal because it was not briefed. See *A.J. Maggio Co. v. Willis*, 316 Ill. App. 3d 1043, 1048 (2000). However, "the waiver doctrine is an admonition to the parties and not a limitation upon the power of a reviewing court to address issues of law as the case may require." *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 37 (1994) (citing *Schutzenhofer v. Granite City Steel Co.*, 93 Ill. 2d 208, 211 (1982)). However, the lack of briefing in the circuit court and on appeal seems to suggest that the parties treated the coverage for the contribution counterclaims as a "nonissue." This may be because coverage for the contribution counterclaims is clearly excluded by the following language in the commercial general liability policy:

"**2. Exclusions**

This insurance does not apply to:

* * *

**e. Employer's Liability**

'Bodily injury' to:

(1) An 'employee' of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business ***."

In addition, the commercial umbrella liability policy contains language identical to the above

4

exclusion in all relevant aspects. Accordingly, we reverse the circuit court's order denying United's motion for a summary judgment to the extent that it might be construed to find coverage for the contribution counterclaims.

We turn now to the issue of whether the policy issued by United to Keeley provides coverage for claims of spoliation of evidence. The commercial general liability policy contains the following language regarding coverage and exclusions:

"**SECTION I–COVERAGES**

**COVERAGE A   BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result. ***

* * *

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

'Bodily Injury' or 'property damage' expected or intended from the standpoint of the insured. ***

* * *

5

**j. Damage to Property**

'Property damage' to:

(1) Property you own, rent, or occupy;

\* \* \*

(4) Personal property in the care, custody[,] or control of the insured \*\*\*."

The policy defines "property damage" as follows:

"**SECTION V–DEFINITIONS**

\* \* \*

**17.** 'Property damage' means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

The commercial umbrella liability policy contains language regarding coverage and exclusions identical to the above language in all relevant aspects.

Keeley asserts that it is entitled to coverage because it is being sued for damages "because of" property damage under the insuring agreement. It is possible to characterize the property damage for which Keeley seeks coverage in two ways. First, it could be said that Keeley is being sued because of the damage to and loss of the use of the I-beam itself. This would seem to conform with the definition of *property damage* in the policy, because the loss of the use of the I-beam as evidence was a result of physical injury to tangible property. However, if we characterize property damage to include damage to the I-beam,

6

coverage is clearly excluded because the I-beam was under the care, custody, and control of Keeley at all relevant times.

In order to characterize the property damage so that it falls outside of the "care, custody[,] or control" exclusion, Keeley attempts to characterize the property damage at issue by asserting that it is being sued for damage to the lawsuit of the employees and the codefendants in the underlying action. However, if we characterize property damage to include damage to a lawsuit, coverage does not apply because only injury to tangible property is included under the insuring agreement. Illinois law provides as follows: "Property damag[e] is limited to damage to tangible property. The damage to [a] cause of action is not damage to tangible property." *Essex Insurance Co. v. Wright*, 371 Ill. App. 3d 437, 440 (2007).

Keeley attempts to characterize the property damage for which it is seeking coverage as (a) damage to the I-beam when analyzing the insuring agreement and (b) damage to the employees' product liability claim when analyzing the "care, custody[,] or control" exclusion. However, the insuring agreement clearly states that United "will pay those sums that [Keeley] becomes legally obligated to pay as damages because of *** 'property damage' *to which this insurance applies*." (Emphasis added.) This language requires that the property analyzed under the insuring agreement must be the same as the property analyzed under the exclusions. As explained above, neither of the characterizations of the property damage that has been advanced by Keeley can be so analyzed in favor of coverage. Accordingly, the circuit court erred when it granted Keeley's cross-motion for a summary judgment and denied United's motion for a summary judgment.

For the reasons set forth above, we reverse and remand with directions to enter a summary judgment in favor of United.

7

Reversed; cause remanded with directions.

STEWART, P.J., and WEXSTTEN, J., concur.

NO. 5-06-0307

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, a Corporation, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 05-MR-181 |
| KEELEY & SONS, INC., TERRY MARTIN, ARDITH WYNN, RICKEY VANOVER, EGYPTIAN CONCRETE COMPANY, and ALLEN HENDERSON & ASSOCIATES, INC., | ) ) ) ) ) ) | |
| | ) ) | Honorable Patrick M. Young, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

**Opinion Filed**:     May 2, 2008

_____

**Justices**:     Honorable Stephen L. Spomer, J.,

    Honorable Bruce D. Stewart, P.J., and
    Honorable James M. Wexstten, J.,
    Concur

_____

**Attorneys for Appellant**     Richard E. Boyle, Curtis R. Picou, Gundlach, Lee, Eggmann, Boyle & Roessler, LLC, 5000 West Main Street, Box 23560, Belleville, IL 62223

_____

**Attorneys for Appellees**     Russell K. Scott, Dayna L. Johnson, Greensfelder, Hemker & Gale, P.C., 12 Wolf Creek Drive, Suite 100, Swansea, IL 62226 (for Keeley & Sons, Inc.); Bruce R. Cook, Cook, Ysursa, Bartholomew, Brauer & Shevlin, Ltd., 12 West Lincoln Street, Belleville, IL 62220 (for Terry Martin, Ardith Wynn, & Rickey Vanover); Dennis E. Rose, Kenneth M. Nussbaumer, Donovan, Rose, Nester & Joley, P.C., 8 East Washington Street, Belleville, IL 62220 (for Egyptian Concrete Co.); John L. McMullin, Esq., Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis, MO 63101 (for Allen Henderson & Associates, Inc.)

_____